**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4874**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LAWRENCE WILDER,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.   (5:12-cr-00003-H-1)

---

Submitted:  August 1, 2014          Decided:  August 14, 2014

---

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Wilder appeals the district court's order revoking his term of supervised release and imposing a six-month sentence with no further term of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Wilder's revocation sentence is reasonable. Wilder has filed a pro se brief, arguing that the district court abused its discretion by revoking his release. Because Wilder's appeal is moot, we dismiss.

During the pendency of this appeal, Wilder was released from imprisonment. Accordingly, his challenge to his revocation and sentence is moot unless he can demonstrate "collateral consequences sufficient to meet Article III's case-or-controversy requirement." United States v. Hardy, 545 F.3d 280, 284 (4th Cir. 2008) (internal quotation marks omitted); see id. at 282-85 (holding that appeal is moot when defendant is no longer serving revocation sentence and no additional term of supervision is imposed); Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (whether this court is "presented with a live case or controversy is a question [the court] may raise sua sponte since mootness goes to the heart of the Article III jurisdiction of the courts" (internal quotation marks omitted)). Wilder has not demonstrated, nor does the record reflect, any

2

collateral consequences that extend beyond Wilder's completion of his sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we dismiss the appeal as moot. This court requires that counsel inform Wilder, in writing, of his right to petition the Supreme Court of the United States for further review. If Wilder requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilder.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>DISMISSED</u>